IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-436 |
| v. | |
| KEVIN GUPTON | |

### MEMORANDUM OPINION

Petitioner Kevin Gupton moves for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), in consideration of the harsh conditions of confinement he has experienced due to the COVID-19 pandemic, his good behavior in prison, and the health of his family members. For the reasons that follow, his motion will be denied.

I.   BACKGROUND

In September 2018, at the age of 22, Kevin Gupton had his friend "straw purchase" nine semi-automatic firearms on his behalf. Gupton was forbidden from purchasing the firearms himself because he had been convicted of a felony, and as a result, is legally prohibited from purchasing or possessing firearms or ammunition. Three of Gupton's firearms were later recovered during the arrests of individuals who had no known connection to Gupton. The remaining six firearms were never recovered.

For his crimes, Gupton was charged with and pled guilty to two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and two counts of false statements to a federal firearm licensee, in violation of 18 U.S.C. § 924(a)(1)(A). He was sentenced to serve a 57-month term of imprisonment followed by three years of supervised release. To date, he has served approximately 22 months of his sentence and is incarcerated at the Federal Correctional Institution Schuylkill located in Pennsylvania ("FCI Schuylkill").

On March 11, 2022, Gupton requested compassionate release from the warden of FCI Schuylkill, which request the warden denied. Gupton thereafter filed the instant Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), requesting that his sentence be reduced to time served.

In his Motion, Gupton claims that he has had to "endure unusually harsh conditions" and "heavily restricted measures," such as "full Covid lockdowns," limited contact with his family, limited access to the commissary and limitations on his ability to maintain his personal hygiene. Gupton contends that these conditions have made his sentence "more onerous" and "punitive" than contemplated by this Court at his sentencing. Gupton also cites his good behavior in prison, particularly his "great strides [towards] his rehabilitation" through his completion of his GED and other programs, and claims that his positive demeanor serves as a "beacon of hope [which] inspires those around him." Finally, Gupton explains that his release would benefit his family, specifically, his mother who "suffers from numerous health conditions" including a "very bad case of diabetes," his brother who is recovering from gun-shot wounds, and his fiancé who is struggling to make ends meet and handle their daughter's ADHD diagnosis in Gupton's absence. The Government opposes Gupton's Motion.

II.  DISCUSSION

The First Step Act's amendments to Section 3582(c) "allow incarcerated defendants to seek compassionate release from a court on their own motion, not just through the Bureau of Prisons." *United States v. Mark*, 2020 WL 5801495, at *1 (E.D. Pa. Sept. 29, 2020); *see* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . upon motion of the defendant . . . may reduce the term of imprisonment. . . ."). Specifically, provided the prisoner has exhausted his administrative remedies, Section 3582(c) permits a district court to reduce a prisoner's sentence "after

considering the factors set forth in section [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling circumstances warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement essentially mirrors this language, adding that a sentence reduction may be granted only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(1)(A)(2).

Here, as the Government concedes, Gupton has exhausted his administrative remedies by unsuccessfully seeking compassionate relief from the warden of FCI Schuylkill, and his motion is therefore ripe for consideration. His sentence may therefore be reduced if: (1) extraordinary and compelling circumstances warrant such a reduction; (2) he is not a danger to the safety of another person or to the community; and, (3) release is appropriate in consideration the relevant factors set forth in Section 3553(a).

A. **Extraordinary and Compelling Circumstances**

While Section 3582 does not define "extraordinary and compelling" circumstances that warrant relief, the Sentencing Commission's policy statement elaborates on the term in an application note. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). It is the petitioner's burden "to prove extraordinary and compelling reasons exist." *United States v. Adeyemi*, 470 F. Supp.3d 489, 512 (E.D. Pa. 2020). In his Motion, Gupton raises three allegedly extraordinary and compelling reasons: (1) the harsh conditions of his confinement; (2) his good behavior while in prison; and, (3) the health conditions and difficulties experienced by his family members. None of these reasons constitutes an "extraordinary and compelling" circumstance which warrants his early release.

Although the Court does not minimize the havoc COVID-19 has wrought, the "harsh" conditions of confinement adopted in response to the COVID-19 pandemic are applicable to "all inmates and do not in themselves warrant special treatment." *United States v. Hernandez*, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *see United States v. Everett*, 2021 WL 322182, at *2-3 (W.D. Pa. Feb. 1, 2021) (recognizing "every prisoner in the facility and other BOP facilities is subject to similar conditions" the purpose of which "is to protect the health of inmates and facility staff during a once-in-a-century pandemic." (internal citation, alterations and quotation marks omitted)); *United States v. Johnson*, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021). These conditions therefore do not constitute "extraordinary or compelling circumstances." *United States v. McLean*, 2021 WL 5896527, at *2 (3d Cir. Dec. 14, 2021) (affirming District Court's determination that prison conditions did not present an extraordinary and compelling circumstances which warranted compassionate release).

Gupton's desire to care for and assist his family members suffering from various ailments also does not qualify as an extraordinary or compelling reason. The Sentencing Commission's policy statement is instructive on the meaning of "extraordinary and compelling reasons" and provides that family circumstances which might warrant a reduction in an individual's sentence are limited to those where either the individual's spouse or the caregiver of the individual's child is incapacitated or deceased, and the defendant is "the only available caregiver" for the spouse or the child. U.S.S.G § 1B1.13, cmt. n.1(C).

Likewise, Gupton's good behavior and rehabilitation cannot serve as a basis for compassionate release as a matter of law. Though this Court commends Gupton on his efforts towards rehabilitation and his completion of his GED and other programs, the text of the statute makes explicit that an individual's "rehabilitation" cannot be considered an extraordinary and

compelling reason that warrants a reduction in his sentence.  *See* 28 U.S.C. § 994(t); U.S.S.G § 1B1.13, cmt. n.3; *United States v. Claudio*, 2022 WL 1623650, at *3 (E.D. Pa. May 23, 2022).

As there do not exist extraordinary or compelling circumstances which warrant a reduction in Gupton's sentence, his Motion for compassionate release must be denied.

An appropriate order follows.

**BY THE COURT:**

*/s/ Wendy Beetlestone*
WENDY BEETLESTONE, J.